UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHARON L. SCRIBNER,<br><br>        Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | No. CV-04-3136-CI<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT<br>AND DIRECTING ENTRY OF<br>JUDGMENT FOR DEFENDANT |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 16), submitted for disposition without oral argument on August 22, 2005. Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney David R. Johnson represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and the briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and directs entry of judgment for Defendant.

Plaintiff, who was 56-years-old at the time of the administrative decision, filed an application for Social Security disability benefits on September 12, 2001, alleging onset as of January 1, 2000, due to severe asthma. (Tr. at 112.) Her date of last insured is December 31, 2006. (Tr. at 106.) After filing the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING
ENTRY OF JUDGMENT FOR DEFENDANT - 1

application, Plaintiff suffered a work injury in February 2002 to her back that resulted in back surgery and unresolved pain. (Tr. at 43.) Plaintiff completed one year of college and had past relevant work as a freight broker. (Tr. at 118.) Following a denial of benefits and reconsideration, a hearing was held before ALJ John Bauer. The ALJ denied benefits; review was denied by the Appeals Council. This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

### ADMINISTRATIVE DECISION

The ALJ concluded Plaintiff met the non-disability requirements for a period of disability and was insured for benefits through the date of the administrative decision. (Tr. at 30.) Work performed during the period at issue was found to be unsuccessful work attempts. The ALJ found Plaintiff had severe impairments, including degenerative joint disease, status post L5-S1 fusion, and asthma, but those impairments did not meet the Listings. (Tr. at 31.) The ALJ found Plaintiff's allegations of disability were not fully credible. He concluded her residual capacity permitted her to perform sedentary work with additional limitations. (Tr. at 31.) The ALJ concluded Plaintiff was able to perform her past relevant work as a truck broker. Thus, the ALJ concluded Plaintiff was not disabled.

### ISSUES

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff asserts the ALJ erred when he (1) improperly rejected the opinion of her treating physician; (2) improperly rejected the opinions of

several lay witnesses; and (3) failed to conduct a proper Step Four analysis.

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 3

kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

### OPINIONS OF THE TREATING PHYSICIAN

Plaintiff contends the ALJ improperly rejected the opinions of Dr. Judith Page. In December 2003, Dr. Page opined Plaintiff's back injuries would result in severe limitations, including an inability to sit or stand for extended periods of time. The ALJ, in rejecting Dr. Page's limitations, noted:

> I have considered the medical report completed by Dr. Judith Page. I am unable to give great weight to this opinion as the restrictions noted by Dr. Page are far more severe than those indicated by either the claimant's treating physician, Dr. Waber, or Dr. Thomas, who has followed the claimant's back surgery and rehabilitation most closely. There is no evidence in the file to indicate the extent of Dr. Page's involvement with the claimant's course of rehabilitation regarding her back injury.

(Tr. at 29-30.) The question is whether these reasons are specific and supported by the record.

In a disability proceeding, the treating physician's opinion is given special weight because of his familiarity with the claimant and his physical condition. *See Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). If the treating physician's opinions are not contradicted, they can be rejected only with "clear and convincing"

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 4

reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states state specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv*., 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605. While a treating physician's uncontradicted medical opinion will not receive "controlling weight" unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," Social Security Ruling 96-2p, it can nonetheless be rejected only for "'clear and convincing' reasons supported by substantial evidence in the record." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.

On June 28, 2003, Dr. Michael Thomas, the primary caregiver for Plaintiff's back condition, released her from his care and for work after noting she was fixed and stable following fusion surgery at L5-S1. (Tr. at 35, 249.) Dr. Thomas recommended she undergo a capacity evaluation to determine her capabilities. Additional notes indicate Plaintiff participated in an occupational therapy program at Yakima Valley Memorial Hospital in September and October 2003. A physical therapist noted Plaintiff had a limited ability for sustained walking and static standing, repetitive squatting,

kneeling or crouching, as well as poor tolerance for aerobic activity because of her asthma. (Tr. at 278.) No limitations were noted with respect to sitting.

It appears Dr. Page was involved with Plaintiff during her occupational therapy in October 2003. (Tr. at 302.) A note indicates Plaintiff could have returned then to her job she held at the time of her back injury but had chosen not to. (Tr. at 303.) Dr. Page also noted Plaintiff was cleared by her therapist for work as a doorkeeper, but Dr. Page also recommended Plaintiff engage in a work hardening program first. There is no evidence whether Plaintiff participated in work hardening. Nonetheless, in December 2003, Dr. Page limited Plaintiff to sedentary work only and also opined she would not be capable of working forty hours per week at any job. (Tr. at 301.) After Plaintiff waived any further vocational services by Dr. Page's office, she was released from Dr. Page's services to be followed by her treating physician. (Tr. at 300.) There are no notes from Dr. Page as to examination findings or the extent of her involvement in treatment. Thus, the ALJ's reasons for rejecting Dr. Page's severe limitations are specific and supported by the record.[1]

---

[1] There is an indication in the record Plaintiff was subjected to an independent medical examination (IME) panel in June or July 2003; a rating of category four allegedly was found for Plaintiff's back impairment, a rating described by the ALJ as "fairly serious." (Tr. at 60.) Plaintiff's counsel advised the ALJ copies of the report would be secured for the record, but no such report is included. (Ct. Rec. 73.) Sentence six of 42 U.S.C. § 405(g)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 6

**CREDIBILITY OF LAY WITNESSES**

Plaintiff contends the ALJ did not properly evaluate the statements submitted by two lay witnesses, spouse Burt Scribner and neighbor and friend Barbara Richards. The ALJ noted during recent visits with treating physician, Dr. Waber, Plaintiff did not complain of debilitating back pain or extreme limitations due to back pain or asthma. (Tr. at 29.) That statement is supported by the record. (Tr. at 282, 283.) Dr. Waber, during an exam in October 2003, noted her back was straight with no CVA tenderness with full range of motion of all extremities. (Tr. at 283.) For that reason, the ALJ rejected the severe limitations noted by the lay witnesses.

Lay testimony can never establish disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). It is appropriate to discount lay testimony if it conflicts with medical evidence. *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). Here, the reasons for rejecting the lay witness evidence were specific and supported by the record. Thus, the ALJ did not err when he rejected the lay

---

provides in relevant part:

> The court ... may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....

Plaintiff has not raised the issue or demonstrated good cause for failure to incorporate the IME report into the current record. Absent such a showing, remand pursuant to sentence six is not available.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 7

witness testimony.

**STEP FOUR ANALYSIS**

Plaintiff contends the ALJ erred when he failed to conduct the required step four analysis under Social Security Ruling (SSR) 82-62. Under that ruling, the ALJ is required to make findings of fact as to the individual's RFC and the physical and mental demands of the past work. Finally, a finding must then be made whether the RFC would permit a return to the past job or occupation. To find the claimant not disabled at step four, he or she must be able to perform either (1) the actual functional demands and job duties of a particular past relevant job; or (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy. *Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001).

The ALJ concluded, based on his review of the medical evidence, that Plaintiff retained the residual functional capacity to lift 10 pounds occasionally and less than 10 pounds frequently, stand or walk 2 hours in an eight hour day, and sit for six hours in an eight hour day. Additionally, she was limited in kneeling, bending, or stooping and concentrated exposure to fumes, odors, gases, or poor ventilation. (Tr. at 30.) Mental demands were not at issue because the ALJ found Plaintiff's depression to be non-severe and there has been no challenge to that finding. Thus, the ALJ performed the first part of the test. *See* paragraphs (b), (c), and (d) of 20 C.F.R. 404.1545 and 416.945. Based on those limitations, he correctly concluded Plaintiff could perform sedentary work.

Social Security regulations also provide the ALJ may draw on two sources of information to define the claimant's past relevant

work as actually performed: (1) the claimant's own testimony, and (2) a properly completed vocational report. *Pinto,* 249 F.3d at 845. The best source for how a job is generally performed is usually the DOT. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995); 20 C.F.R. §§ 404.1566(d) and 416.966(d); SSR 82-61.  In assessing a claimant's testimony, the ALJ is responsible for determining credibility and resolving conflicts and ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

Here, the vocational expert testified Plaintiff's past work as a freight traffic consultant truck broker was sedentary work. (Tr. at 60.)  There was some additional discussion as to whether that work, as performed in the national economy, would involve exposure to cigarette smoke; the DOT did not indicate any significant environmental exposure as that job is performed in the national economy, although there may have been smoking in Plaintiff's particular office that would have prevented her from performing her actual work.[2]  (Tr. at 62, 63.)  The DOT indicated 2,417 such positions exist in the State of Washington.  (Tr. at 63.) Those are

---

[2] Also, the record reflects undisputed testimony and evidence Plaintiff herself continued to smoke off and on, with the latest cessation occurring three months before the administrative hearing, October 2003.  *See Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997) (impairments which are controllable or amenable to treatment, including certain respiratory problems, do not support a finding of disability, and failure to follow a prescribed course of remedial treatment, including the cessation of smoking, is grounds for denying an application for benefits).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 9

significant numbers.³  Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED**.

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 16)** is **GRANTED**; Plaintiff's Complaint and claims are **DISMISSED WITH PREJUDICE.**

3.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  The file shall be **CLOSED** and judgment entered for Defendant.

DATED August 24, 2005.


                        s/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE

---

³It may be that a new application with an amended onset date of February 2002 would result in an immediate award of disability benefits, particularly if the findings of the 2003 IME were available.  However, that is not an issue for this court to decide.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 10